IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNSON MATTHEY, INC., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MMR POWER SOLUTIONS, LLC | : | NO. 07-1279 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

In this diversity action, Plaintiff, Johnson Matthey, Inc. ("Johnson Matthey"), seeks damages for breach of contract against Defendant, MMR Power Solutions, LLC ("MMR"). Specifically, Johnson Matthey seeks damages for MMR's cancellation of a contract for the purchase of fourteen SCR/Oxidation catalyst systems ("SCR Systems"). Presently before the Court is Johnson Matthey's motion for partial summary judgment on the issue of liability (Doc. 27), and MMR's response thereto (Doc. 34).

**I.    FACTS AND PROCEDURAL HISTORY**

The following facts are not disputed by the parties. Johnson Matthey is a Pennsylvania corporation with its principal place of business in Wayne, Pennsylvania, and MMR is a Louisiana limited liability company with its principle place of business in Baton Rouge, Louisiana. See Complaint at ¶¶1-2.

On January 11, 2006, Johnson Matthey sent a proposal to MMR for fourteen SCR Systems for the price of $2,143,000 (the "Proposal"). See Cinaglia Affidavit, attached to Pl.'s Mem., at ¶¶2, 4; Proposal, attached to Pl.'s Mem. at Cinaglia Affidavit, Ex. "A."

The SCR Systems were intended to be used by MMR to control emissions from a methane processing plant planned for the McCommas Landfill in Dallas, Texas (the "Project"). See Cinaglia Affidavit at ¶3. The estimated delivery date of the SCR Systems was 14 to 16 weeks from the date MMR placed its order. See id. at ¶4; Proposal at 1.

Paragraph 3 of the Proposal's General Terms and Conditions, captioned "Cancellation," provides as follows:

> Acceptance of Purchaser's [MMR's] order shall be binding on the parties and cancellation, rescission, suspension, or modifications will be accepted only upon terms that will indemnify [Johnson Matthey] against all losses and damages, and provide [Johnson Matthey] with the profit that [Johnson Matthey] would have earned on the sale of the product if Purchaser [MMR] had not cancelled, rescinded, suspended or modified its order.

See Cinaglia Affidavit at ¶5; Proposal at Appendix A, ¶3.

On January 17, 2006, MMR issued a purchase order to Johnson Matthey for fourteen SCR Systems at a cost of $2,143,000 (the "Purchase Order"), the price set forth in the Proposal. See Purchase Order, attached to Pl.'s Mem. at Cinaglia Affidavit, Ex. "B." The Purchase Order contains the following language under the heading "Scope of the Purchase Order":

> The Seller [Johnson Matthey] agrees that this Purchase Order, together with the plans and specifications applicable hereto, constitutes the entire agreement between the parties and may not be amended except in writing signed by the Buyer [MMR].

See id. at 2, ¶1.

By letter notice dated March 14, 2006 (the "Notice"), MMR requested that Johnson Matthey place the Purchase Order "On Hold" until further notice because of Project delays attributed to discussions between the Project owners and the city of Dallas. See Notice, attached to Pl.'s Mem. at Cinaglia Affidavit, Ex. "C." In the Notice, MMR requested that Johnson Matthey advise MMR of "cost to date, the monthly cost for the delay and the cost should [MMR] cancel the order." Id.

On or about March 31, 2006, MMR cancelled the Purchase Order. See Cinaglia Affidavit at ¶9; Whitney Affidavit, attached to Def.'s Mem., at ¶6.[1] Johnson Matthey subsequently filed this lawsuit seeking damages for breach of contract (Count I) and repudiation (Count II), including a cancellation fee, damages suffered as a result of the cancellation, and lost profits. See Complaint at ¶¶15-26. Johnson Matthey now moves for partial summary judgment on the issue of liability.

## II.   STANDARD OF REVIEW

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a

---

[1]According to an e-mail dated March 31, 2006, sent by Jeremy Harris of Johnson Matthey to Mike Corsentino of MMR, MMR cancelled the Purchase Order because the McCommas Landfill Project had been cancelled. See 03/31/06 E-mail, attached to Whitney Affidavit, Ex. "D." The e-mail references a letter from Harris detailing costs to date and a cancellation charge. See id.

3

matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

The moving party has the initial burden of demonstrating that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, the adverse party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." Boykins v. Lucent Techs., Inc., 78 F.Supp.2d 402, 408 (E.D. Pa. 2000). The evidence presented must be viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255; Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983).

**III.   DISCUSSION**

Plaintiff Johnson Matthey argues that it is entitled to summary judgment on the issue of liability because Defendant MMR breached the parties' contract as reflected in the terms of the Proposal. MMR counters that the relevant transaction is governed by the Purchase Order, and that the parties' disagreement over which document is controlling constitutes a disputed issue of material fact.

Jurisdiction in this case is based on diversity of citizenship.  Therefore, the court must apply the choice of law rules of the state whose law governs the action. Hammersmith v. TIG Ins. Co., 480 F.3d 220, 226 (3d Cir. 2007) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  The parties appear to agree that Pennsylvania law governs this action.[2]

Under Pennsylvania law, "[t]he fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties."  Murphy v. Duquesne Univ. of The Holy Ghost, 777 A.2d 418, 429 (Pa. 2001).  In the case of a written contract, the intent of the parties is embodied in the writing itself.  Insurance Adjustment Bureau, Inc. v. Allstate Ins. Co., 905 A.2d 462, 468 (Pa. 2006).  When the language of the contract is clear and unambiguous, its meaning must be determined solely from the contract itself.  Crawford Central Sch. Distr. v. Commonwealth of Pa., 888 A.2d 616, 623 (Pa. 2005).  The court can grant summary judgment on an issue of contract interpretation if the contractual language being interpreted "is subject to only one reasonable interpretation."  Atkinson v. Lafayette Coll., 460 F.3d 447, 452 (3d Cir. 2006).

---

[2]Johnson Matthey's Complaint avers that venue is proper under 28 U.S.C. § 1391(a)(1) because "the contract at issue was entered into in Wayne, Pennsylvania," and asserts contract claims under Pennsylvania law.  See Complaint at ¶4 and Counts I and II.  MMR does not contest the applicability of Pennsylvania law.  See Answer.  Neither party has cited to caselaw in any jurisdiction on the contract question at issue.

5

In support of its motion, Johnson Matthey contends that the following facts are uncontested: (1) MMR's Purchase Order was issued "pursuant to the terms of the Proposal," (2) the terms of the Proposal "were accepted by MMR in its Purchase Order," and (3) Johnson Matthey is entitled to "a cancellation fee equal to all losses and damages suffered by Johson Matthey as a result of the cancellation, as well as the profit it would have earned had the sale of the [SCR Systems] not been cancelled by MMR."  Pl.'s Mem. at 2.  If these facts were truly uncontested, as Johnson Matthey asserts, then the contractual obligations in this case would be clear and unambiguous and Johnson Matthey would be entitled to summary judgment.  However, the only support offered for these assertions is the Affidavit of Michael Cinaglia, an individual authorized to make sworn statements on behalf of Johnson Matthey.  See Cinaglia Affidavit at ¶1.  Cinaglia's affidavit merely repeats the assertions contained in Johnson Matthey's memorandum, and it references only three allegedly supportive documents – the Proposal, the Purchase Order and the Notice.

The problem for Johnson Matthey is that MMR interprets these documents differently and contests each of the statements that Johnson Matthey relies upon to prove its entitlement to summary judgment.  For example, MMR specifically denies that the Purchase Order was issued pursuant to the terms of the Proposal, or that the terms of the Proposal were accepted by MMR in its Purchase Order.  To the contrary, MMR argues that the Purchase Order specifically rejected the terms of Johnson Matthey's Proposal,

6

providing instead that "[t]he Seller [Johnson Matthey] agrees that this Purchase Order, together with the plans and specifications applicable hereto, constitutes the entire agreement between the parties and may not be amended except in writing signed by the Buyer [MMR]." See Purchase Order at 2, ¶1.  Thus, MMR contends that the terms of the Purchase Order govern the transaction between the parties, that the Purchase Order rendered the Proposal's terms inapplicable, and that Johnson Matthey is not entitled to the cancellation fee and lost profits provided for under the Proposal.

The parties' conflicting positions at this stage of the litigation are based entirely on their disparate reading of the Proposal and the Purchase Order.  Their disagreement arises from the ambiguity of the documents themselves, because, considered together, the Proposal and Purchase Order do not resolve the question whether MMR became liable for breach of its agreement with Johnson Matthey when it cancelled the contract.  Because the dispute over which document governs the parties' transaction lies at the heart of this litigation, and because the resolution of that dispute necessarily impacts both liability for the cancellation at issue and the proper measure of any damages, it is clear that the case must proceed.

The dispute over the contract terms cannot be resolved by the purported contract documents, or in the pleadings or other evidence submitted in support of the motion.  Therefore, a genuine issue of material fact exists, precluding partial summary judgment

on the issue of liability.[3]  See Fed. R. Civ. P. 56(e); Atkinson, 460 F.3d at 452; see also Loeffel Steel Products, Inc. v. Delta Brands, Inc., 2004 WL 532562, at *3-4 (N.D. Ill. March 15, 2004) (Keys, M.J.) (summary judgment inappropriate where parties disagree as to whether transaction is governed by contract proposal or purchase order containing conflicting provisions).

## IV.   **CONCLUSION**

The parties disagree as to whether the transaction in question is governed by the terms of Johnson Matthey's Proposal or MMR's Purchase Order, and the answer to this question is not apparent in the purported contract documents or in the pleadings or other evidence submitted.  Because this disagreement gives rise to a genuine issue of material fact with respect to the terms that governed the parties' transaction, as well as to the proper measure of any damages, Plaintiff's motion for partial summary judgment on the issue of liability is denied.

An appropriate Order follows.

---

[3]In its memorandum, MMR additionally argues that Johnson Matthey's motion for *partial* summary judgment on liability improperly intermingles issues of liability and damages and is, therefore, a motion for *full* summary judgment.  See Def.'s Mem., at 4-5.  Because I am denying Johnson Matthey's motion, I do not find it necessary to address whether it is properly characterized as a motion for partial or full summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNSON MATTHEY, INC., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MMR POWER SOLUTIONS, LLC | : | NO. 07-1279 |

## **ORDER**

AND NOW, this 30th day of May, 2008, after consideration of Plaintiff's motion for partial summary judgment on the issue of liability (Doc. 27), and the response in opposition thereto filed by Defendant, MMR Power Solutions, LLC (Doc. 34), it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

/s/Elizabeth T. Hey

_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE